**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In Re:

Arnold Lee Einbinder and
Deanna Sydne Einbinder,

Debtors.

Case No. 14-16478-ABG

Chapter: 13

Judge A. Benjamin Goldgar

Lake County

## NOTICE OF MOTION

To:

**Arnold Lee Einbinder and Deanna Sydne Einbinder**
26730 Long Meadow Circle
Mundelein, IL  60060

**Charles L. Magerski**
Sulaiman Law Group, LTD
900 Jorie Boulevard, Suite #150
Oak Brook, IL  60523

**Glenn B. Stearns**
801 Warrenville Road, Suite #650
Lisle, IL  60532

**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604

  PLEASE TAKE NOTICE THAT on October 3, 2014 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, at North Branch Court, 1792 Nicole Lane, Round Lake Beach, IL 60073 or before such other Judge as may be sitting in his stead and present the attached Motion for Relief from the Automatic Stay at which time and place you may appear.

               /s/ Evan L. Moscov
               Evan Lincoln Moscov, ARDC No. 6278081
               Weinstein, Pinson & Riley, P.S.
               469 W. Huron St., Suite 1701
               Chicago, IL 60654
               (312) 255.7996
               evanM@w-legal.com

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2014 a copy of the foregoing Notice of Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*Attorney for Debtors*
**Charles L. Magerski**
Sulaiman Law Group, LTD
900 Jorie Boulevard, Suite #150
Oak Brook, IL  60523


*Trustee*
**Glenn B. Stearns**
801 Warrenville Road, Suite #650
Lisle, IL  60532


*U.S. Trustee*
**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604

I further certify that on September 15, 2014 a copy of the foregoing Notice of Motion was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:


*Debtors*
**Arnold Lee Einbinder and Deanna Sydne Einbinder**
26730 Long Meadow Circle
Mundelein, IL  60060

                                            /s/ Kathy Liriano
                                            Kathy Liriano
                                            Assistant to Evan L. Moscov

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>Arnold Lee Einbinder and Deanna Sydne Einbinder,<br><br>Debtors. | Case No. 14-16478-ABG<br><br>Chapter: 13<br><br>Judge A. Benjamin Goldgar<br><br>Lake County |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Nationstar Mortgage, LLC ("Nationstar"), as servicer for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-1, U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee ("U.S. Bank"), by its undersigned counsel, respectfully moves this Honorable Court pursuant to 11 U.S.C. Section 362(d) of the United States Code, 11 U.S.C. §§ 101 et seq. ("the Bankruptcy Code") for the entry of an order modifying the automatic stay with respect to the real property located at 632 N. County Street, Waukegan, IL  60085 (the "Premises"):

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of Nationstar's right to seek relief from the automatic stay and foreclose if necessary.

### Jurisdiction and Venue

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue of the Motion in this District is proper pursuant to 28 U.S.C. § 1409(a).

### Predicates for Relief

3

4. This Motion is premised on Section 362(d) of the Bankruptcy Code.

### Statement of Facts

5. On March 6, 2007, the debtors borrowed $259,000.00 from Perl Mortgage, Inc. ("Perl") pursuant to a fixed rate promissory note (the "Note"). A copy of the Note is attached as Exhibit A.

6. To secure repayment of the Note, the Debtors executed a mortgage (the "Mortgage") granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Perl, a first priority security interest in the Premises. A copy of the Mortgage is attached as Exhibit B.

7. The Mortgage was recorded on April 5, 2007 with the Lake County Recorder of Deeds.

8. The Mortgage and Note were assigned to U.S. Bank. A copy of the assignment is attached hereto as Exhibit C.

9. The Note is in possession of Nationstar.

10. On April 30, 2014, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. On Schedule D of the petition, the Debtors included an undisputed secured obligation with respect to the Premises in the amount of $242,862.00 owed to Nationstar and estimated the market value of the Premises as $173,000.00.

11. Debtors' proposed Chapter 13 Plan provides that the Debtors shall surrender the Premises.

12. On July 15, 2014, a proof of claim with respect to the Premises was filed on behalf of U.S. Bank in the amount of $248,311.58.

13. Debtors have defaulted on the Note.

14. As set forth on the post-petition payment history attached as Exhibit D, Debtors owe the unpaid balance of $242,862.36 on the Note, $13,132.89 in interest that is accruing at the rate of $59.72 per day and are delinquent on 5 post-petition payments to Nationstar in the amount of $10,396.60.

**ARGUMENT**

FAILURE TO MAKE FIVE POST- PETITION PAYMENTS
CONSTITUTES CAUSE FOR RELIEF FROM THE AUTOMATIC STAY

15. Failure to make five post-petition payments on a secured obligation constitutes cause to modify the automatic stay to permit foreclosure. Section 362(d)(1) of the Bankruptcy Code provides:

   On request of a party in interest and after notice and a hearing, the court
   shall grant relief from the stay provided under subsection (a) of this section,
   such as by terminating, annulling, modifying or conditioning such stay –
   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

16. Cause is not defined in the Bankruptcy Code and must be determined on a case by case basis based on an examination of the totality of circumstances. *Mac Donald v Mac Donald (In re Mac Donald),* 755 F. 2d 715, (9th Cir. 1985); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronmeyer)*, 405 B.R. 915, 921 (9th Cir. BAP2009); *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir.1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

17. A failure to make post-petition mortgage payments as they become due in a chapter 13 case may constitute prima facie "cause" for relief from the automatic stay under section 362(d)(1). *In re Marks,* 2012 WL 6554705 (9th Cir.BAP (Cal.); *Americredit Fin. Servs. Inc. v. Nichols (In re Nichols),* 440 F.3d 850, 856 (6th Cir.2006); *In re Neals,* 459 B.R. 612, 620 (Bankr. D.SC 2011); *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (9th Cir.BAP 1985); *In re Miano,* 261 B.R. 391, 392-93 (Bankr. D. N.J. 2001)(dicta); *In re Oare,* 181 B.R. 16, 19 (Bankr. N.D.Y.Y. 1995); *Lomas Mortg. USA, Inc. v. Elmore (In re Elmore),* 94 B.R. 670, 678 (Bankr.C.D.Cal.1988); *In re Davis,* 64 BB.R. 358 (Bankr. S.D.N.Y. 1986); *In re Marter,* 61 B.R. 271 (Bankr. E.D.Pa. 1986); *In re Shahid,* 27 B.R. 673 (S.D. Ohio 1982).

18. As a result of the default, the lack of equity in the Premises and the intention of the Debtors to surrender the Premises, the Debtors are not providing Nationstar with adequate protection of U.S. Bank's security interest in the Premises. Accordingly, cause exists to modify the automatic stay with respect to the Premises.

WHEREFORE, Nationstar respectfully requests that this Honorable Court enter an order modifying the automatic stay with respect to the Premises and waiving the 14 day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

    Respectfully Submitted,

    /s/ Evan Lincoln Moscov
    Evan Lincoln Moscov, ARDC No. 6278081
    Weinstein, Pinson & Riley, P.S.
    469 W. Huron Street, Suite 1701
    Chicago, IL  60654
    Telephone: (312) 255-7996
    Email: Evanm@w-legal.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on <u>September 15, 2014</u> a copy of the foregoing Motion for Relief from the Automatic Stay was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*Attorney for Debtors*
**Charles L. Magerski**
Sulaiman Law Group, LTD
900 Jorie Boulevard, Suite #150
Oak Brook, IL  60523


*Trustee*
**Glenn B. Stearns**
801 Warrenville Road, Suite #650
Lisle, IL  60532


*U.S. Trustee*
**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604

   I further certify that on <u>September 15, 2014</u> a copy of the foregoing Motion for Relief from the Automatic Stay was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

*Debtors*
**Arnold Lee Einbinder and Deanna Sydne Einbinder**
26730 Long Meadow Circle
Mundelein, IL  60060

             <u>/s/ Kathy Liriano</u>
`              Kathy Liriano
              Assistant to Evan L. Moscov